SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522
———
TEL: (212) 735-3000
FAX: (212) 735-2000
WWW.SKADDEN.COM

DIRECT DIAL
(212) 735-2100
DIRECT FAX
(917) 777-2100
EMAIL ADDRESS
DAVID.MEISTER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

**MEMO ENDORSED**

April 18, 2019

Honorable William H. Pauley III
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

       RE: U.S. Commodity Futures Trading Commission
          ("CFTC") v. Deutsche Bank AG, 16-cv-06544 (WHP)

Dear Judge Pauley:

  We respectfully submit this letter on behalf of Deutsche Bank AG ("Deutsche Bank" or the "Bank") pursuant to the Court's order of March 20, 2019, directing the parties to report on two issues: (i) the anticipated prosecution of this action; and (ii) whether the monitor has sufficiently completed his work. (ECF No. 62.) In addition, for the reasons discussed below, the Bank and the CFTC respectfully request a 30-day adjournment of the status conference the Court has scheduled for Monday, April 22, 2019.

  As to the first item in the Court's order, the prosecution of this action, Deutsche Bank is hopeful that the parties can reach a resolution without having to litigate the claims in the complaint. The Bank's posture from day one has been to cooperate with the CFTC, one of its primary regulators. The Bank initially escalated the system outage that gave rise to the CFTC's complaint and brought it to the CFTC's attention, cooperated with the CFTC's investigation that culminated in the complaint, and has continued to cooperate with the CFTC to this day. In that spirit, the Bank is hopeful of reaching a mutually agreeable resolution and intends to explore that avenue.

Honorable William H. Pauley III
April 18, 2019
Page 2

      As to the second item in the Court's order, the Bank's understanding is that the monitor's work is nearly, but not entirely, complete.  As the termination date of the monitorship approaches, we believe that a short period of further consultation among the Bank, the monitor and the CFTC would facilitate the monitorship being brought to a final conclusion.  Accordingly, and for the sake of efficiency, the Bank believes that a 30-day adjournment of the April 22 conference would be appropriate, to provide the parties and the monitor with a sufficient opportunity to reach a conclusion on the remaining issues without taking up the Court's time.  In light of our request for an adjournment for these purposes, the Bank also consents to a corresponding 30-day extension of the monitorship, which we understand the CFTC is seeking.  The monitor has advised me that such an extension would be helpful for him to conclude the tasks at hand.  Counsel for the CFTC has advised me that the CFTC joins the adjournment request.

                                        Respectfully submitted,

                                        /s/ David Meister
                                        David Meister

cc:  Amanda Burks, CFTC
     James H. Holl, III, CFTC
     Richard A. Glaser, CFTC

---

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

Application granted.  The hearing is adjourned to May 23, 2019 at 10:30 a.m.  In addition, the monitorship is extended through the date of the hearing.  The Clerk of Court is directed to terminate the motion pending at ECF No. 63.

4.18.19